## JOSEPH HAYNES vs. OBADIAH JONES.

A. conveyed land to B. merely for the purpose of enabling B. to convey the same to C., and B. conveyed the same to C. accordingly: Before the deeds from A. to B. and from B. to C. were recorded, D. attached the land as the property of B., and subsequently levied an execution thereon. *Held*, that B. had no attachable interest in the land, after he had conveyed it to C., and that D. could not hold the land against C.

WRIT of entry to recover a tract of land in Randolph. The case was submitted to the court on the following facts: On the 18th of April 1834, E. H. Derby owned the demanded premises, and conveyed the same to Charles McIntire, a broker, who *made* a deed thereof, on the same day, and *executed* it on the next day, conveying the said premises to Jones, the tenant. This conveyance was made by McIntire for Derby; Derby having conveyed the premises to McIntire solely for the purpose of enabling him to convey the same to said Jones, in fulfilment of a previous agreement. When said conveyance was made to the tenant, the deed from Derby to McIntire was given up to him, but it was not recorded until the 19th of December 1837, on which day the tenant caused that deed and the deed from McIntire to himself to be recorded.

The tenant took possession of the demanded premises, immediately after they were conveyed to him by McIntire, and has ever since remained in possession thereof.

On the 17th of October 1837, the demandant caused all the real estate of said McIntire to be attached on a writ returnable to the court of common pleas in the county of Suffolk, and on the 3d of February 1840, recovered judgment against him, and took out execution and levied the same, within thirty days, in due legal form, on the demanded premises.

*Brigham*, for the demandant.

*Wilkinson*, for the tenant.

DEWEY, J. The demandant, a judgment creditor of Charles McIntire, has levied upon the demanded premises, claiming to hold them, upon the ground that there was an attachable legal interest in McIntire. For reasons which do not appear, and

which are in no wise material to the present question, the tenant Jones, instead of taking a conveyance directly from E. H Derby, the owner of the land, received his title through McIntire. Derby conveyed by deed to McIntire, and McIntire, really a mere conduit, conveyed by deed to Jones. Both these latter deeds were unrecorded at the time of the demandant's attachment.

The demandant insists that the conveyance from McIntire to Jones, although prior to his attachment, is unavailing to the tenant, inasmuch as our statutes give no effect to an unrecorded deed, except as between the grantor and his heirs, and the grantee, or as respects persons having notice of such conveyance. To this it is answered, that McIntire had only an instantaneous seizin, and therefore no attachable interest. If this was well established by the facts, it might have been a good answer. But we apprehend that, upon the facts stated, it would be extending the principle too far, to apply it to the present case.

The stronger ground for the tenant is this ; that the effect of all the conveyances was such as to leave no attachable interest in McIntire. The legal estate, as evidenced by the registry of deeds, was in Derby, at the time of the attachment ; and an attachment by a creditor of Derby might have been sustained, upon the ground taken by the demandant, viz., that Derby having the record title, his deed to McIntire, not being recorded, would not defeat the attachment. I do not see but this would be unanswerable. But McIntire never had any possession, never had any title by record, and was a mere conduit to pass the title to others. It is true that a deed was executed, conveying the premises to him, and it is also true that he, on the next day, transferred to Jones the same estate. Whatever title McIntire acquired, he had parted with by the same form of conveyance, and which was, in all respects, as effectual to transmit his title to Jones, as was Derby's deed to him. It seems to us that the effect of this was to divest McIntire of any attachable interest ; that having had no possession of the land, nor any claim of title under any recorded deed, it was sufficient to defeat the demandant's attachment, that he had previously

25 *

transferred to the tenant whatever title he had, although by an unrecorded deed.

*Demandant nonsuit.*